### SISSON v. IRISH, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Ben H. Davis, Cleveland, for Sisson.

Lieghley, Halle, Haber & Berick, Cleveland, for Irish.

SULLIVAN, J.

1. 92. APPRENTICES—38. Adoption—297. Contracts.

Contract to take child by adoption and as apprentice, reciting intention to receive apprentice as adopted child and requiring yearly information as to welfare of apprenticeship, is primarily intended as contract of apprenticeship and cannot be specially enforced to compel adoption so as to clothe child with rights to property as natural-born child.

2. 92. APPRENTICES.

Apprenticeship and adoption of child are inconsistent with each other, since regularly adopted child is not apprenticed by parents.

3. 92. APPRENTICES.

Contract to receive child by adoption and as apprentice, to be maintained, clothed, educated, and treated with natural child of persons receiving child, does not show intention to adopt child as heir.

4. 1100. SPECIFIC PERFORMANCE.

One seeking specific performance of contract must have equitable interest in subject-matter of definite nature and of such character that he could assign equitable interest to another and thus complete legal title.

5. 362a. DECEDENTS' ESTATES.

Neither child whose status rests on doubtful legal adoption nor natural-born child is entitled to specific performance of contract as heir at law for possession or title to lands as such heir.

6. 883. PARENT & CHILD.

Parents are not compelled to will property to children or to convey it to them.

7. 1100. SPECIFIC PERFORMANCE.

Contract to receive child by adoption and as apprentice, containing no tangible rights with respect to heirship in existence at time of contract and no reference to property which might come into possession or ownership at later date, cannot be specifically enforced.

(Levine, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

### ALLISON v. STEVENS, Mayor

Ohio Appeals.

Fitzgibbon, Montgomery & Black, Newark, for plaintiff.

W. H. N. Stevens, Newark, in propria persona.

HOUCK, PJ.

1. 1288. WRIT—of Prohibition.

Writ of "prohibition" granted by Constitution is an extraordinary remedy for furtherance of justice to secure proper regulation in proceedings of judicial character, and should only issue in case of extreme necessity, and not in doubtful case.

2. 233. CIVIL SERVICE—751a. Mayors—681. Jurisdiction.

Under Sect. 486-19 GC., mayor may prefer charges to remove civil service commissioner, and at same time hear charges on their merits.

3. 1104. STATUTES.

Remedy for relief from drastic statute is in Legislature, and not in courts.

4. 941. PRACTICE & PROCEDURE..

In proceedings to prohibit hearing on removal of plaintiff as civil service commissioner, question whether notice of removal was properly served is not before appellate court, where there was no evidence that it was not properly served, or that it was illegal in any way.

5. 923. PLEADINGS.

Specifications for removal of civil service commissioner need only give person removed from office opportunity to make proper defense, and are sufficient, under Sect. 486-19 GC., if they fully advise commissioner that he is charged by mayor of claimed dereliction of duty, and failure to perform duties of office. (Shields, J., concurs. Patterson, J., dissents.)

For reference to full opinion, see Omnibus Index, last page, this issue.